Eileen R. SMITH, Appellant,

v.

David L. SMITH, Appellee.

No. 7215.

District of Columbia Court of Appeals.

Argued Aug. 23, 1973.

Decided Oct. 9, 1973.

2. Appellant makes additional variations of these contentions, which we find to be without merit.

Murray L. Deutchman, Rockville, for appellant.

E. David Doane, Washington, D.C., for appellee.

Before REILLY Chief Judge, and KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal by a wife from that portion of a divorce granted her husband which held that she was forever barred from seeking alimony because of a property settlement agreement incorporated in the decree. That agreement, after negotiations respecting increased child support and alimony, was silent as to alimony and was viewed by the trial court as establishing that the parties intended to bar the wife from receiving alimony. We vacate that portion of the decree since it is nothing but an advisory opinion.

In May 1969, David and Eileen Smith voluntarily separated and remained sepa-

rated for over 1 year. David subsequently sued Eileen for a divorce, and on December 8, 1972, the Superior Court entered a decree granting him an absolute divorce. This decree incorporated a separation and property settlement agreement dated October 16, 1970, which had been voluntarily executed by David and Eileen out of a "desire to settle certain property rights and matters of custody and maintenance of the Wife". This agreement made no mention of alimony. The record shows that the issue of alimony had been discussed and that a draft of the final property agreement had referred to alimony in two places, but both these references were crossed out in the negotiation.

At the trial the husband argued that since the agreement purported to be a comprehensive disposition of the parties' rights, and since alimony was not mentioned anywhere in the agreement, the wife and waived any right to alimony. The wife contended that despite the absence of any alimony provision in the October 1970 agreement, she had reserved the right to have her need for alimony determined at some future time and requested a finding to that effect from the trial court. The request is reflected in the transcript as follows:

[W]e do not seek any monetary alimony award at this time. We only wish to have the Court reserve the question of alimony until the time when, perhaps, the plaintiff might, by the law, be entitled to it at a later time. [Tr. 25.]

In the Judgment for Absolute Divorce there was an inadvertent error in a "Finding of Fact" stating that the wife was seeking "alimony in the sum of $40.00 a week." Upon motion, this "Finding of Fact" was amended to reflect the wife's request that the alimony question remain open. Also in the "Amended Judgment for Absolute Divorce" the trial court held:

That the subject of alimony, including the reservation thereof, not having been mentioned in said property settlement

agreement, the wife is foreclosed from claiming alimony, or the reservation thereof, both at present and at any future time. [Record at 57.]

The wife has appealed claiming the trial court erred in barring her from a future claim of alimony.

■ It is well settled that judicial tribunals do not have authority to issue advisory opinions unless that authority has been granted under a specific constitutional or legislative provision. *See* Pauling v. Eastland, 109 U.S.App.D.C. 342, 288 F.2d 126, cert. denied, 364 U.S. 900, 81 S.Ct. 233, 5 L.Ed.2d 194 (1960). There is no such granted authority controlling in this case. It was therefore beyond its power for the trial court to render an opinion upon an issue that may or may not arise. Oliver v. United States, 118 U.S.App.D.C. 302, 304 n.2, 335 F.2d 724, 726 n.2 (1964), cert. denied sub nom. Crump v. United States, 379 U.S. 980, 85 S.Ct. 686, 13 L.Ed.2d 571 (1965). If appellant had been seeking alimony in a certain amount, a determination of alimony rights would have been a justiciable issue. But where the ultimate question depends on contingencies which may not come about that question is not ripe for judicial resolution. Here it may never become necessary to resolve the question of a right to alimony. The wife may remarry or otherwise never need alimony. The husband may die. Such possibilities, in our view, deprive the issue of justiciability. This determination may only be made when the parties' rights may be immediately affected by such a judicial decision, *e. g.*, Davis v. Davis, D.C.App., 268 A.2d 515 (1970).

■ Moreover, it cannot be argued that this question may properly be resolved by a declaratory judgment. Even though this court has discussed such power based upon

D.C.Code 1972 Supp., § 11–946 and Super. Ct.Civ.R. 57,[1] declaratory judgment authority does not supersede the rules of justiciability.[2]

Therefore, insofar as the trial court ruled that the wife is in perpetuity barred from seeking alimony, the decree is vacated.

So Ordered.

1. Spock v. District of Columbia, D.C.App., 283 A.2d 14 (1971).

2. Pauling v. Eastland, *supra*, citing Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945).