■ In the Matter of the J. (Anonymous) Children.—Cross proceedings for custody of three children, one brought by the natural mother (in habeas

corpus) and the other by the natural father, in which the latter also seeks an order of filiation, or adoption, as to two of the children (an order of filiation had previously been entered as to the oldest child). The father appeals from an order of the Family Court, Kings County, dated December 30, 1974 and made after a hearing, which (1) dismissed the branch of his application which was for a declaration of paternity or adoption, (2) denied the branch of his application which was for custody, and (3) sustained the mother's writ, granting custody to her, with "liberal privileges of visitation" to the father. Order modified, on the law, by striking therefrom the provision dismissing the father's application for a filiation order and substituting therefor a provision granting that application. As so modified, order affirmed, without costs, and the proceedings are remitted to the Family Court for entry of an order of filiation and for a hearing to determine the issue of child support. It was conceded at the hearing that the parties are the natural parents of the three out-of-wedlock children. The instant paternity application involves two of the children, as an order of filiation had previously been entered, upon consent, declaring appellant to be the father of the eldest child. We hold that in the circumstances of this case a filiation order should be entered as to the two youngest children. The evolving theory underlying article 5 of the Family Court Act recognizes the protection of the welfare of out-of-wedlock children as the primary purpose of filiation proceedings (*Schaschlo v Taishoff,* 2 NY2d 408; Committee Comments, McKinney's Cons. Laws of N.Y., Book 29 A, Part I; Family Ct. Act, § 511). Although article 5 was enacted with the putative father viewed as the respondent, the intent of the Legislature will be fulfilled by the entry of an order of filiation herein. Since the paternity of the children is not in question, the interest of the parties and their children will be advanced by such an order, as opposed to the circuitious declaratory judgment procedure. In regard to custody, we hold that the Family Court properly awarded custody to the mother, with visitation to the father. We have considered the additional arguments posed by appellant and find them without merit. Hopkins, Acting P. J., Cohalan, Christ and Brennan, JJ., concur; Shapiro, J., dissents insofar as the majority holds that the Family Court has jurisdiction to enter an order of filiation on the application of the putative father, and votes to affirm the order appealed from, with the following memorandum: I do not believe, in the circumstances of this case, that it may be inferred that there was a legislative intent to confer upon a putative father standing to institute a paternity proceeding under article 5 of the Family Court Act. In my opinion, the proper procedure would be the commencement of an action for a declaratory judgment in the Supreme Court.