■ E. JEAN VAIRO, Appellant, v GEORGE G. VAIRO, Respondent.—In an action in which the plaintiff wife was granted a judgment of divorce, she appeals (1) from so much of an order of the Supreme Court, Queens County, entered November 6, 1975, as denied her motion *inter alia* to punish defendant for contempt and (2) from so much of a further order of the same court, entered January 23, 1976, as, upon reargument of her motion, adhered to the original determination. Appeal from the order entered November 6, 1975 dismissed. That order, to the extent that it denied plaintiff's motion, was superseded by the order made upon reargument. Order entered January 23, 1976 modified by adding thereto, immediately after the provision adhering to the original determination, the following: "except that a hearing shall be held to determine the amount of custodial assets which defendant must invest for his children." As so modified, order affirmed insofar as appealed from. Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. Defendant must demonstrate at the hearing that he has complied with EPTL 7-4.2, which concerns custodial accounts that become indefeasibly vested in the beneficiary. Hopkins, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.

■ MANUEL R. VARGAS, Appellant, v HOZANA C. VARGAS, Respondent. —In an action for annulment upon the ground of fraud, plaintiff appeals from an order of the Supreme Court, Queens County, dated January 28, 1976, which denied his motion for a blood grouping test and for discovery and inspection of certain hospital records. Order reversed, without costs or disbursements; motion granted insofar as it is for a blood grouping test, and action remanded to Special Term for the appointment of a special guardian to protect the interests of the child and, thereafter, for a *de novo* determination of that branch of plaintiff's motion which seeks discovery and inspection of the hospital records. Section 517 of the Family Court Act, which provides that proceedings to establish paternity shall not be brought after the lapse of more than two years from the birth of the child, except in certain specified cases, is not applicable to matrimonial actions wherein the paternity of a child born during the marriage is otherwise open to challenge. The action at bar is timely if, as alleged, brought within three years of the discovery of the facts constituting the fraud. As the complaint places the paternity of the child squarely in issue, the alleged fraud, consisting of defendant's securing plaintiff's consent to marriage by the false representation that he was the cause of her then pregnancy, plaintiff's request for a blood grouping test should have been granted (see CPLR 3121, subd [a]; see, e.g., *Cuneo v Cuneo,* 198 Misc 240). However, we have remanded the action for the appointment of a special guardian to protect the interests of the child and, after due notice to such guardian, a *de novo* determination as to that branch of plaintiff's motion which seeks discovery and inspection of the hospital records of defendant's confinement and delivery. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.

THIRD DEPARTMENT, SEPTEMBER, 1976

(September 2, 1976)

■ ANTHONY'S INC., Trading as BOGART MARBLE CO., as Assignee of