■ In the Matter of SALVATORE S., Appellant, v ANTHONY S. et al., Respondents.—In a proceeding, *inter alia,* to declare that petitioner is the father of a certain infant, petitioner appeals from an order of the Supreme Court, Nassau County, dated January 6, 1977, which, on the court's own motion, transferred the proceeding to the Family Court, Nassau County. Order reversed, on the law, without costs or disbursements, and it is directed that the action be tried in the Supreme Court. Petitioner commenced this action for a declaratory judgment in order to determine the status of a child who was born on August 5, 1976. Petitioner alleges that he, and not the mother's husband, is the child's father. At the time the action was commenced petitioner could not have brought it in the Family Court. However, section 522 of the Family Court Act was amended, effective January 1, 1977, so as to permit a putative father to commence a paternity proceeding. Pursuant to this amendment, Special Term transferred the proceeding to the Family Court, determining that it was more appropriate for the proceeding to be handled in that court. Section 522 was enacted not only to protect the welfare of a child born out of wedlock, but to indemnify the government for the expense of supporting the child (see *Matter of J.,* 50 AD2d 890; *Matter of Roe v Roe,* 65 Misc 2d 335). Since the statute was primarily intended to insure that the child be financially provided for by the putative father and not the State, the effect of an order of filiation on the

child's status is limited. "The order made in such a proceeding does not constitute an adjudication binding on them [the child or husband] or persons claiming through or under them that the child is or is not the legitimate offspring of married parents * * * It does not establish the status of the child nor would it be competent evidence to establish illegitimacy in any proceeding to which others are parties" (Commission of Public Welfare v Koehler, 284 NY 260, 267; see, also, Matter of Melis v Department of Health of City of N. Y., 260 App Div 772). The purpose of this action is to determine the status of the child and to determine the rights of all interested parties; a declaratory judgment action is the appropriate method to resolve the issues in this case. Therefore, the proceeding should not have been transferred to the Family Court (cf. Matter of Melis v Department of Health of City of N. Y., supra, p 775). Rabin, Hawkins and O'Connor, JJ., concur; Hopkins, J. P., dissents and votes to affirm the order, with the following memorandum: By petition and order to show cause petitioner seeks in equity a judgment declaring that he and not the husband is the father of a child born to the wife. In such a case, the concern of equity is the child and not the declaration of petitioner's right (see Finlay v Finlay, 240 NY 429, 434). Nor is a declaratory judgment appropriate when, as noted by Special Term, a putative father's rights (cf. Stanley v Illinois, 405 US 645) may now be determined in a paternity proceeding in Family Court (Family Ct Act, § 522, as amd L 1976, ch 665, § 6); indeed, the Legislature has indicated a preferred forum by vesting exclusive original jurisdiction of paternity proceedings in the Family Court (Family Ct Act, §§ 511, 114). By such an action the interests of the child will be protected and issues of custody, support and the child's inheritance settled (see EPTL 4-1.2, subd [a], par [2]). "Actually, it is well settled that the declaratory judgment remedy is generally appropriate only where a conventional form of remedy is not available and a declaratory judgment will serve some practical and useful purpose. (See, e.g., Krieger v. Krieger, 25 N Y 2d 364, 366; James v. Alderton Dock Yards, 256 N. Y. 298, 305.)" (Elkort v 490 West End Ave. Co., 38 AD2d 1, 4.) Special Term's order properly noted the form of the action as a paternity proceeding (see CPLR 103, subd [c]). In view of the foregoing, the transfer to the Family Court was not an improvident exercise of discretion and the order of Special Term should be affirmed.