■ HENLOPEN MANUFACTURING CO., INC., Respondent, v JEROME AXELROD, Also Known as JEROME ALEXANDER and Doing Business as JEROME ALEXANDER COSMETICS, Appellant. — Appeal from an order of the Supreme Court, Nassau County (Pantano, J.), entered June 8, 1981, dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment of the same court entered June 11, 1981, affirmed. No opinion. Respondent is awarded one bill of costs. Gibbons, J. P., Weinstein, Gulotta and Thompson, JJ., concur.

■ EDWARD K., Appellant, v MARCY R. et al., Respondents. — In actions to declare that the plaintiff is the natural father of two infant children, plaintiff appeals from an order of the Supreme Court, Kings County (Leone, J.), dated June 17, 1981, which granted the defendants' motion for a protective order vacating the plaintiff's notice to compel defendants and the infant children to submit to blood grouping tests. Order reversed, with $50 costs and disbursements, and motion denied, with the proviso, however, that the defendant husband need not submit to a blood grouping test unless the results of the tests to be conducted on the mother and the children do not exclude the plaintiff from being the natural father of the infants. The matter is remitted to Special Term for the appointment of a special guardian to protect the interests of the children. There does not appear to be any other discovery device which would alleviate the plaintiff's need for a blood grouping test under the facts of the instant case. Accordingly, we see no reason to preclude the plaintiff from conducting the test at this time (see CPLR 3121, subd [a]; *Kwartler v Kwartler,* 291 NY 689; *Anonymous v Anonymous,* 1 AD2d 312; see, also, *Matter of Salvatore S. v Anthony S.,* 58 AD2d 867). The request is not premature. However, it will not be necessary to conduct a blood grouping test of the defendant husband unless and until the results of the other blood grouping tests fail to exclude the plaintiff as a possible parent. The appointment of a special guardian to protect the children's interests in these actions is imperative (see *Vargas v Vargas,* 54 AD2d 590). Gibbons, J. P., Weinstein, Gulotta and Thompson, JJ., concur.