In the Matter of ANTHONY KORDEK, Appellant, v KATHLEEN WOOD, Respondent.

Fourth Department, December 17, 1982

**APPEARANCES OF COUNSEL**

*Gerald T. Barth* (*James F. Greenwald* of counsel), for appellant.

*Mary Beth Fleck* for respondent.

*William Yeomans, Law Guardian.*

**OPINION OF THE COURT**

SCHNEPP, J.

The issue which must be determined is whether Family Court has jurisdiction to establish paternity in a proceeding where child support is neither sought nor ordered. On November 7, 1979 petitioner was declared the father of a child born out of wedlock on February 3, 1977, an order of filiation was entered and visitation rights were awarded. On June 23, 1980 he sought modification of the visitation rights, claiming that because of a change of circumstances the visitation plan was "impossible". Thereafter, Family Court ruled that the filiation order never became final because support had not been fixed or determined, and, following a hearing on the issue of support, concluded that

the child was neither in need of support from the petitioner nor likely to become a public charge. Family Court then, citing its decision in *Matter of Czajak v Vavonese* (104 Misc 2d 601), held that because the child was not in need of support it was without jurisdiction to determine paternity (see *Matter of Kordek v Wood,* 108 Misc 2d 434). It, therefore, dismissed the original petition which sought entry of a declaration of paternity, abrogated its order of filiation and vacated the order of visitation. The petitioner appeals from this order.

As a threshold matter we note respondent's contention that since entry of the order the appeal has become moot and should be dismissed because petitioner has obtained a default judgment of paternity in a Supreme Court declaratory judgment action. There is, of course, a difference between paternity proceedings commenced in Family Court and declaratory judgment actions to establish paternity commenced in Supreme Court. Undoubtedly the basic purpose of a paternity proceeding is to insure support for the child born out of wedlock and to provide a procedure for the government to obtain indemnification for the expense of supporting the child (see *Commissioner of Public Welfare of City of N. Y. v Koehler,* 284 NY 260, 266; *Jaynes v Tulla,* 70 AD2d 680, 681; *Matter of Salvatore S. v Anthony S.,* 58 AD2d 867; *Matter of J.,* 50 AD2d 890; *Matter of Melis v Department of Health of City of N. Y.,* 260 App Div 772; see, also, Schatkin, Disputed Paternity Proceedings [4th ed, rev], § 16.01, p 221, Oct., 1982 Supp). The declaratory judgment action, on the other hand, is the appropriate method to determine the status of the child, to determine the rights of all interested parties and to confer the status of legitimacy (*Matter of Salvatore S. v Anthony S., supra*). In addition to declaratory relief, Supreme Court may also award any other category of legal or equitable relief to which the plaintiff is entitled (see CPLR 3017, subd [b]; see, also, Siegel, New York Practice, § 436, p 579).

Consequently, if petitioner has, in fact, obtained a default judgment of paternity in a declaratory judgment action brought in Supreme Court, his appeal is subject to dismissal since there would be no justiciable controversy before this court (see 10 Carmody-Wait 2d, NY Prac,

§ 70:262, p 532). The record, however, does not permit us to conclude that petitioner has obtained such relief since a copy of the order is not part of the record, petitioner did not address respondent's claim in his brief and petitioner did not appear at oral argument. In any event, the Family Court determination that it is without jurisdiction to determine paternity absent a support order is very likely to affect a large number of cases on a continuing basis and for that reason the appeal should be retained and determined (see *Matter of Oliver v Postel,* 30 NY2d 171, 177-178; cf. *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-718).

Turning to the merits, we disagree with Family Court that relief is not available to a putative father in a paternity proceeding when the child is not in need of support. Section 511 of the Family Court Act provides that "the family court has exclusive original jurisdiction in proceedings to establish paternity and, in any such proceedings in which it makes a finding of paternity, to order support and to make orders of custody or of visitation" (see, also, NY Const, art VI, § 13, subd b, par [5]). By its plain language the statute does not condition jurisdiction upon a finding of financial need on the part of the child and it empowers Family Court, once it makes a finding of paternity, to not only grant a support order but also to make orders of custody and visitation (see, also, Family Ct Act, § 549). Family Court has been so empowered since 1971 (L 1971, ch 952, § 1), and since 1976 a person alleging to be a child's father has been authorized to originate a paternity proceeding (Family Ct Act, § 522, as amd L 1976, ch 665, § 6) and to file a verified petition requiring the respondent to show cause "why the court should not enter a declaration of paternity, an order of support, and such other and further relief as may be appropriate under the circumstances." (Family Ct Act, § 523.)

Further support for our interpretation of Family Court's jurisdiction can be found in section 564 of the Family Court Act which empowers it to make an order of filiation in any proceeding where it is alleged in a "petition" that a person is the father of an out-of-wedlock child who is a party to, or the subject of, the proceeding. This would certainly include a delinquency or PINS proceeding in which support is not

an issue along with, for example, a proceeding in which the putative father wishes to insure his parental rights. It also includes many other proceedings since subdivision (e) of the section provides that "For the purposes of this section the term 'petition' shall include a complaint in a civil action, an accusatory instrument under the criminal procedure law, a writ of habeas corpus, a petition for supplemental relief, and any amendment in writing of any of the foregoing." It is also noted that a related section of the Domestic Relations Law empowers the Surrogate in an adoption proceeding to determine any issue of paternity "in accordance with the relevant * * * provisions of the family court act *except * * * to grant any relief relating to support of the child as an incident thereto.*" (Domestic Relations Law, § 111-b, subd 2, as added by L 1980, ch 575, § 7; emphasis added.)

While it is true that an order of filiation does not impart legitimacy, it declares paternity (Family Ct Act, § 542), and it fixes certain concomitant rights, interests and obligations, i.e., rights of inheritance (EPTL 4-1.2, subd [a], par [2]); the right to recover benefits under the New York Workers' Compensation Law (§ 2, subd 11), the Veterans' Benefits Act (US Code, tit 38, § 101, subd [4], par [A]) and the Social Security Act (US Code, tit 42, § 416, subd [h], par [3], cl [A]); the right to recover serviceman's life insurance proceeds (US Code, tit 38, § 765, subd [9]) and a military allowance (US Code, tit 37, § 401, subd [2]), and the right to notice of adoption proceedings (Domestic Relations Law, § 111-a, subd 2, par [a]). A filiation order must also be filed with the Putative Father Registry which records, *inter alia,* the names of persons adjudicated to be fathers of children born out of wedlock (Social Services Law, § 372-c).

We attach little importance to the claimed nonappealability as a matter of right of an order of filiation under section 1112 of the Family Court Act without the entry of an order of support (see *Nancy V. v Raymond E.C.,* 75 AD2d 599; *Matter of Joan S. v Ronald B.,* 71 AD2d 606; *Matter of Susan W. v Amhad Q.,* 65 AD2d 594; *Matter of Kordek v Wood,* 108 Misc 2d 434, *supra*). Whether or not an order of filiation is technically an order of disposition is insignificant. At the very least, a filiation order must be

construed as an order of disposition since the clerk of Family Court is required to notify the Commissioner of Health "[w]hen an order of filiation is made" (Family Ct Act, § 543). In any event, an aggrieved party may seek discretionary review of such order (see Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Part I, Family Ct Act, § 1112, p 578, 1976-1982 Supp Pamph).

We conclude therefore that a filiation order is separate from any order which may direct support, and that rights, interests and obligations of the parties to the proceeding and the child may be based upon it. As a historical fact the purpose of paternity proceedings may have been to determine and to insure liability for support of children born out of wedlock and to indemnify the public purse but the Legislature has now gone far beyond this narrow view. The Legislature has designated Family Court as the forum primarily responsible for the protection of out-of-wedlock children, has afforded primacy to the welfare of the children and has insured that the equal protection and due process rights, not only of the children but also of the putative father, are preserved. Although an order of filiation does not confer legitimacy it does provide many benefits. The evolution of the provisions governing paternity proceedings into their present-day form and of the myriad rights which flow from a filiation order clearly indicates that the child's need for support no longer bears a nexus to the granting of such an order (see *Joye v Schechter,* 112 Misc 2d 172; *Matter of John J. S. v Theresa L.,* 99 Misc 2d 578; see, also, *Matter of Mitchell [Onondaga Dept. of Social Servs.],* 70 AD2d 367).

Accordingly, the order of Family Court should be reversed and the order of filiation entered November 7, 1979 should be reinstated.

DILLON, P. J., CALLAHAN, DENMAN and BOOMER, JJ., concur.

Order unanimously reversed, without costs, and order of filiation entered November 7, 1979 reinstated.