In the Matter of CRAIG V., Respondent, v MIA W., Appellant.*

Third Department, April 3, 1986

**APPEARANCES OF COUNSEL**

*Higgins, Roberts, Beyerl & Coan (John K. Sharkey* of counsel), for appellant.

*Susan C. Antos* for respondent.

**OPINION OF THE COURT**

WEISS, J.

On February 28, 1985, petitioner filed two petitions in Family Court seeking a declaration of paternity and an award of custody or visitation of a male child born out of wedlock to respondent on February 18 or 19, 1985. In March of 1985, petitioner filed a written acknowledgment of his paternity with the Putative Father Registry of the State Department of Social Services. It is undisputed that respondent was less than 17 years old at the time of conception and birth of the child and that petitioner was over 21 years of age, indicating that petitioner had committed the felony of rape in the third degree *(see,* Penal Law § 130.25 [2]). It further appears that respondent's counsel informed Family Court that respondent surrendered the child to the care of the Catholic Adoption Office of Community Maternity Services of Albany County for

* Names used herein are fictitious for purposes of publication.

purposes of adoption. Respondent moved to dismiss the paternity and custody petitions on the ground that petitioner committed the crime of statutory rape and should not be permitted to rely upon his illegal and immoral act to establish paternity or the right to custody. Family Court denied respondent's motion and granted an order permitting petitioner to visit the child for two hours on alternate weekends. Respondent has been granted permission to appeal Family Court's order.

We initially observe that petitioner has standing, by statute, to initiate a proceeding to establish his paternity (Family Ct Act § 522; *Matter of Salvatore S. v Anthony S.,* 58 AD2d 867). Therefore, the only issue is whether he forfeited his right to establish paternity and gain custody because his illegal sexual activity resulting in the infant's birth constituted a crime.

Respondent relies principally upon the legal maxim set forth in *Riggs v Palmer* (115 NY 506, 511) which states that: "No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime". Respondent urges that we follow *Matter of Hines v Sullivan* (105 Misc 2d 288), in which the Onondaga County Family Court rejected the paternity claim to a child born out of wedlock to a 16-year-old mother when the putative father had committed the crime of sexual misconduct *(see,* Penal Law § 130.20 [1]; § 130.05 [3]). Adopting the maxim stated in *Riggs v Palmer (supra,* p 511), the court in *Hines* held that the father's cause of action for paternity did not lie "when the basis of his claim of paternity rests upon his own wrongdoing" *(Matter of Hines v Sullivan, supra,* p 290). However, in *Matter of La Croix v Deyo* (108 Misc 2d 382), the Ulster County Family Court refused to adhere to the decision in *Matter of Hines v Sullivan (supra)* and denied a motion to dismiss the paternity petition of a 19-year-old male who had likewise committed sexual misconduct by impregnating the 15-year-old mother *(see,* Penal Law § 130.20 [1]; § 130.05 [3] [a]), who, unfortunately, died in an automobile accident subsequent to the child's birth. In recognizing the petitioner's right to maintain the proceeding, the *La Croix* court emphasized that the ancient rule expressed in *Riggs v Palmer (supra)* was inappropriate in the present situation, which involves the enhanced rights of a putative father and the benefits to the child of a paternity adjudication *(Matter of La Croix v Deyo, supra,* p 392). To support its analysis, the *La Croix* court noted that the

legislative proscription against the right to notice in a proceeding affecting an out-of-wedlock child *(see,* Social Services Law § 384-c [1]) is limited to a father convicted of the crime of rape in the first degree, which involves forcible compulsion *(see,* Penal Law § 130.35 [1]) *(Matter of La Croix v Deyo, supra,* pp 388-389). The Legislature specifically declined to extend this limitation to the father of a child who may have been conceived as the result of any lesser degree of rape or sexual misconduct *(see,* memorandum of Office of Court Administration, 1979 McKinney's Session Laws of NY, at 1870). The *La Croix* court further noted that the father of an illegitimate child has constitutional due process rights which must be recognized *(Matter of La Croix v Deyo, supra,* p 391, citing *Stanley v Illinois,* 405 US 645).

We find the logic of the *La Croix* decision *(supra)* more compelling than that in *Hines (supra),* and accept the proposition that petitioner is not disqualified from bringing a paternity proceeding simply on the basis of the felony committed. It is quite clear that petitioner is not seeking merely to benefit from his wrongdoing but, more importantly, to assume the duties and responsibilities of supporting the child.

In sum, the rule delineated in *Riggs v Palmer (supra),* should not apply here. Rather, that rule should be limited to situations involving property rights or economic or monetary gains, obtained as the result of wrongdoing and "should not * * * be extended to the field of sexual morality even though such acts may be illegal" *(Matter of La Croix v Deyo, supra,* p 392; *see, People v Onofre,* 51 NY2d 476, *cert denied* 451 US 987). The commission of the crime of statutory rape does not preclude petitioner's right to maintain the paternity and custody proceedings. That conduct is to be considered only as it relates to the child's best interest at the custody hearing *(see,* Domestic Relations Law § 240 [1]).

MAHONEY, P. J., KANE, CASEY and LEVINE, JJ., concur.

Order affirmed, without costs.