R.N.M., Appellant,

v.

A.N., Appellee.

No. 86–1535.

District of Columbia Court of Appeals.

Submitted Dec. 10, 1987.
Decided Feb. 24, 1988.

Kenneth H. Rosenau, Washington, D.C., was on the brief, for appellant.

Thomas Hylden, Washington, D.C., was on the brief, for appellee.

Before FERREN and ROGERS, Associate Judges, and REILLY, Senior Judge.

FERREN, Associate Judge:

Appellant R.N.M. filed a petition to establish paternity alleging that appellee

A.N. is her father. A.N. moved to dismiss the petition as time barred. The motions court granted the motion. R.N.M. now appeals, contending that she had brought her petition within the time prescribed by the applicable statute of limitations. We affirm.

## I.

R.N.M. was born in Madrid, Spain, on July 4, 1963. She possesses a Report of Birth Abroad of a Citizen of the United States of America, dated July 24, 1963, subscribed and sworn to by her mother, which identifies A.N. as appellant's father. The record shows that appellant's mother filed a paternity action against appellee in New York on December 7, 1962, which culminated in a court order on January 3, 1964, approving a paternity agreement. Under the agreement, appellee specifically denied paternity but agreed to pay $100 a month toward appellant's support. In 1966, appellant's mother filed a second action in New York, again seeking a declaration of appellee's paternity of appellant. The New York court dismissed this second suit, concluding the suit was barred as long as appellee complied with the terms of the previously-approved paternity agreement. On July 4, 1984, appellant's 21st birthday, appellee's support payments under the agreement ceased. Almost 23 months later, appellant filed this action.

## II.

The single issue presented in this appeal is whether appellant's paternity action is barred by the applicable statute of limitations. The current statute of limitations for paternity and support actions under District of Columbia law is codified at D.C. Code § 16–2342 (1987 Supp.), which provides:

> Proceedings over which the [Family] Division has jurisdiction under D.C.Code, sec. 11–1101(3) and (11) to establish parentage and provide for the support of a child may be instituted after four months of pregnancy or at anytime until the child's twenty-first birthday.

Section 16–2342 was enacted as part of the Parentage and Support Proceedings Reform Act of 1984, 1984 D.C.Stat. 318, 319 (codified at D.C.Code §§ 16–2342—16–2343.2 (1987 Supp.)). The Act provided unequivocally that the current statute of limitations shall apply "to all actions filed after the effective date of this act." *Id.; see* D.C.Code § 16–2343.1 note (Application of Law 5–123). The Mayor signed the Act into law on July 13, 1984, and it became effective on September 26, 1984. *Id.* The present case was filed on May 19, 1986, 20 months after the effective date of § 16–2342 and 22½ months after appellant's 21st birthday. Thus, under the current statute of limitations, appellant's action is clearly barred.

Appellant contends, however, that this statute of limitations is inapplicable. The present statute did not become effective until after appellant's 21st birthday and thus, by its terms, left her no opportunity to sue. She argues, therefore, that she had a vested right in the predecessor § 16–2342, which was in effect when she achieved the legal capacity to sue at age 18. D.C. Code § 16–2342 (1981).[1] We are unpersuaded.

---

1. The predecessor statute, D.C.Code § 16–2342 (1981), provided:

    Proceedings over which the [Family] Division has jurisdiction under paragraphs (3) and (11) of section 11–1101 to establish parentage and provide for the support of a child born out of wedlock may be instituted after four months of pregnancy or within two years after the birth of the child, or within one year after the putative father or mother, as the case may be, has ceased making contributions for the support of the child. The time during which the respondent is absent from the jurisdiction shall be excluded from the computation of the time within which a complaint may be filed.

If this predecessor section were applicable, appellant would have been entitled to bring suit within a year after her 21st birthday, the date on which appellee stopped making support payments on her behalf. The limitations period under the old statute would also have been tolled during appellee's absence from the jurisdiction.

Appellant relies on the latter provision to argue that this suit, brought nearly two years after her 21st birthday, was timely filed. Although we reject appellant's contention that the predecessor statute of limitations applies and thus need not reach her argument that the limita-

The predecessor statute, if applicable, would have permitted appellant to bring a paternity action within a year after support payments had ceased—and thus after her 21st birthday. But, it was no longer in effect when the present action was filed. Appellant cites *Mills v. Habluetzel*, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982), and *Matter of District of Columbia Workmen's Compensation Act*, 180 U.S. App.D.C. 216, 554 F.2d 1075, *cert. denied*, 429 U.S. 820, 97 S.Ct. 67, 50 L.Ed.2d 81 (1976), for the proposition that she had a vested right to rely on the predecessor statute of limitations. In *Mills*, however, suit was filed before the effective date of the new statute of limitations. The Supreme Court accordingly concluded that, under Texas law, the defendant had a vested right in the predecessor statute, which was in effect on the date the complaint was filed. 456 U.S. at 95 n. 1, 102 S.Ct. at 1552 n. 1. Similarly, in *Matter of District of Columbia Workmen's Compensation Act*, the court disapproved the retroactive application of an amendment to the applicable jurisdictional statute to an action commenced before the statute was changed. 554 F.2d at 1079–81. Here, in contrast, the question is whether the current statute of limitations should be applied to a suit filed 20 months after that statute of limitations had become the law. The Council of the District of Columbia, in enacting the new statute, clearly stated that it was to apply to "all actions filed after the effective date of this act." 1984 D.C.Stat. at 319. Appellant advances no constitutional claim. Appellant, accordingly, has no vested right in the predecessor statute.

We note that the predecessor statute was available to appellant for 2½ months after her 21st birthday, July 4, 1984, when support payments stopped, until the statute was replaced effective September 26, 1984. Furthermore, a year before appellant's 21st birthday, this court had held unconstitutional the general two-year limitations period set forth in that statute, D.C.Code § 16–2342 (1981), thus placing potential litigants on notice that the statute would have to be amended. *District of Columbia ex rel. W.J.D. v. E.M.*, 467 A.2d 457 (D.C. 1983).[2] The Council of the District of Columbia enacted the present statute of limitations in response to our decision in *W.J. D.*[3]

tions period under the statute was tolled, we do observe that, on the record before us, we can find no evidence supporting appellant's claim that appellee was absent from the jurisdiction during all or even part of the relevant period of time.

2. An interesting question, not raised in this appeal, is whether appellant would have been able to sue appellee for paternity in the District of Columbia at any time between her 18th and 21st birthdays. Our decision in *District of Columbia ex rel. W.J.D. v. E.M.*, 467 A.2d 457 (D.C.1983), addressed only the validity of the general two-year limitation on paternity actions set forth in § 16–2342; we did not address the validity of the exception in § 16–2342 to the two-year limit for actions, such as this one, brought after the putative father had ceased paying support. Assuming that this latter portion of the statute remained intact after *W.J.D.*, appellant would have been barred from bringing this action until she turned 21 and her support payments stopped.

3. Appellant notes the apparent incongruity between D.C. Code § 16–2342 (1987 Supp.) and D.C.Code § 19–316 (1981). While § 16–2342 bars an action for paternity brought after the child's 21st birthday, § 19–316 permits the child to establish paternity in the Probate Court after

the putative father's death. We observe, however, that the two statutes serve quite different purposes. Section 16–2342 is primarily designed to establish the parent's obligation to support the child during his or her minority. *E.R.B. v. J.H.F.*, 496 A.2d 607, 611 (D.C.1985) ("primary object of the [paternity] proceedings is not to determine the status of the putative father but rather to provide support for the health, welfare, and education of the child...."). Section 19–316, however, permits a declaratory judgment of paternity merely by way of establishing the claimant's right to inherit from the decedent's estate. *In re Estate of Glover*, 470 A.2d 743, 748 (D.C.1983). Furthermore, the burden of proving paternity under § 19–316 is substantial. We held in *Glover* that a claimant under § 19–316 has the burden of proving that the decedent was his or her father by a preponderance of the evidence, *id.* at 749, and that the facts and circumstances establishing parenthood must have come into existence before the father's death, *id.* at 748. *See id.* at 751 (Ferren, J., concurring) ("I would add my own understanding that, for a claimant to show by a preponderance of evidence that paternity 'has been established,' he or she will have to demonstrate that the deceased, during his lifetime, openly, notoriously, and unambiguously acknowledged the child as his own.").

The plain language of the statute of limitations set forth in D.C.Code § 16–2342 (1987 Supp.)—as it read on the date this action was filed—coupled with the expressed intent of the Parentage and Support Proceedings Reform Act to make § 16–2342 applicable to all actions filed after the statute's effective date, clearly bars appellant's claim. Accordingly, the order of the motions court is hereby

*Affirmed.*