Matter of Alison RR (2020 NY Slip Op 06002)





Matter of Alison RR


2020 NY Slip Op 06002


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

530717

[*1]In the Matter of Alison RR. et al., Appellants.

Calendar Date: September 14, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Copps DiPaola Silverman, PLLC, Albany (Joseph R. Williams of counsel), for appellants.



Devine, J.
Appeal from an order of the Family Court of Albany County (Maney, J.), entered December 26, 2019, which dismissed petitioners' application, in a proceeding pursuant to Family Ct Act article 5, for an order of parentage declaring petitioners as the legal parents of the subject child.
Petitioners are a same-sex couple who married in 2014. They sought to start a family and, with the assistance of a sperm donor who gave up his parental rights, petitioner Alison RR. gave birth to the subject child in 2016. Notwithstanding their marriage and their being named as the child's parents on her birth certificate, petitioners commenced this Family Ct Act article 5 proceeding seeking a declaration that they are her legal parents. A Support Magistrate found that Family Court lacked subject matter jurisdiction to hear the petition and dismissed it without prejudice. Petitioners' objections were denied by Family Court, prompting this appeal.
We affirm. Family Court is a court of limited jurisdiction and may only exert the "powers granted to it by the State Constitution or by statute" (Matter of H.M. v E.T., 14 NY3d 521, 526 [2010]; accord Matter of Lisa T. v King E.T., 30 NY3d 548, 551 [2017]; see NY Const, art VI, § 13). Petitioners attempt to invoke the "ancillary jurisdiction" of Family Court to identify the parents of a child so that it may exercise its core jurisdiction over issues of custody and child support (Matter of H.M. v E.T., 14 NY3d at 527; see Domestic Relations Law § 70; Family Ct Act §§ 115; 413 [1] [a]; 651; Matter of Kordek v Wood, 90 AD2d 209, 212 [1982]), but that attempt is unavailing in the absence of a petition for custody, child support or some other relief within the core authority of Family Court to grant (see e.g. Matter of Chemung County Dept. of Social Servs. v Crane, 112 AD3d 90, 93-94 [2013]). We accordingly turn to petitioners' claim that Family Court was empowered to act because of its "exclusive original jurisdiction over . . . proceedings to determine paternity and for the support of children born out-of-wedlock, as set forth in" Family Ct Act article 5 (Family Ct Act § 115 [a] [iii]; see NY Const, art VI, § 13 [b]; Family Ct Act § 511).
In that regard, we initially observe that the use of "paternity" and similar gendered language in Family Ct Act article 5 reflects little beyond the fact that the identity of a child's biological father could be the only mystery when the law was adopted in 1962, a time when it was "a foregone conclusion" that the woman who gave birth to a child was his or her mother (Merril Sobie, Introductory Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act art 5). Since then, scientific developments have allowed a woman other than the birth mother to be a child's biological parent (see Domestic Relations Law § 124), while the law now permits the partner of a biological parent to seek custody or visitation with proof that he or she "falls within the statutory definition of a parent" (Matter of Heather NN. v Vinnette OO., 180 AD3d 57, 62 [2019]; see Domestic Relations Law § 70; Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 28 [2016]). In light of those developments, to restrict Family Ct Act article 5 to identifying fathers would hamper its actual goal of "ensur[ing] that adequate provision will be made for the child's needs, in accordance with the means of the parents" (Matter of L. Pamela P. v Frank S., 59 NY2d 1, 5 [1983]; see Family Ct Act § 513). Nothing in Family Ct Act article 5 gives the sense that such a counterproductive result was intended and, as a result, General Construction Law § 22 directs us to read paternity and similar language in the article as "refer[ring] to both male [and] female persons." We therefore join the Second Department in holding that Family Ct Act §§ 115 and 511 vest Family Court with subject matter jurisdiction to hear petitions seeking a declaration that a person, whether male or female, is the "parent of a child born out of wedlock [and] chargeable with the support of such child" (Family Ct Act § 513; see T.V. v New York State Dept. of Health, 88 AD3d 290, 301 [2011]).
That said, the Legislature has only empowered Family Court to hear "proceedings to determine [parentage] and for the support of children born out-of-wedlock" (Family Ct Act § 115 [a] [iii] [emphasis added]) and further defined a child in Family Ct Act article 5 as one "born out of wedlock" (Family Ct Act § 512 [b]; see Family Ct Act § 522). Petitioners were married at all relevant times, and their child was not born out of wedlock. We acknowledge that petitioners may have good reason to want confirmation of their parental status beyond the presumptions afforded by their marriage and their identification as the child's parents on her birth certificate (see Domestic Relations Law § 24; Public Health Law § 4103; Matter of Christopher YY. v Jessica ZZ., 159 AD3d 18, 23-24 [2018], lv denied 31 NY3d 909 [2018]). Nevertheless, in the absence of any allegation that a person outside of their marriage is the child's parent, Family Ct Act article 5 does not afford Family Court subject matter jurisdiction to give that confirmation (compare Matter of Iris GG v Thomas HH, 37 AD2d 1006, 1007 [1971]; Matter of Mannain v Lay, 33 AD2d 1024, 1024 [1970], affd 27 NY2d 690 [1970]). We are thus constrained to find that Family Court correctly dismissed the petition on jurisdictional grounds.
This determination will not, as petitioners contend, leave them with the sole remedy of a time-consuming and costly stepparent adoption proceeding. We note the recent enactment of Family Ct Act article 5-C, which will soon allow a petition for a judgment of parentage (see Family Ct Act §§ 581-202, 581-204, as added by L 2020, ch 56, part L, §§ 1, 29). Moreover, if petitioners articulate how "an adjudication of the merits will result in immediate and practical consequences to" them (Coleman v Daines, 19 NY3d 1087, 1090 [2012]; see Cuomo v Long Is. Light. Co., 71 NY2d 349, 354-355 [1988]), they are presently free "to bring a declaratory judgment action in Supreme Court to determine the status of the child and the rights of all interested parties" (Matter of Cathleen P. v Gary P., 63 NY2d 805, 807 [1984]; see CPLR 3001; Matter of Kordek v Wood, 90 AD2d at 210; Henry F.L. v Julien L., 79 AD2d 674, 674 [1980]). There is no question that, in contrast to the limited jurisdiction of Family Court, Supreme Court has "original, unlimited and unqualified jurisdiction" to entertain that action and declare the child's parentage (Kagen v Kagen, 21 NY2d 532, 537 [1968]; see NY Const, art VI, § 7 [a]; People v Correa, 15 NY3d 213, 227 [2010]).
Garry, P.J., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.