**Robert MARLOWE, Appellant,**

v.

**Celia MARLOWE, Appellee.**

**No. 7275.**

District of Columbia Court of Appeals.

Argued Aug. 16, 1973.

Decided Sept. 25, 1973.

Rehearing Denied Oct. 2, 1973.

---

**60**

Mark P. Friedlander, Washington, D. C., for appellant.

James Michael Bailey, Chevy Chase, Md., for appellee.

Before KELLY, FICKLING and NE-BEKER, Associate Judges.

PER CURIAM:

Appellant Robert Marlowe appeals from both an order of specific performance of a support agreement and an award of counsel fees to his former wife, the appellee Celia Marlowe. We affirm.

The support agreement in question, entered into initially on February 7, 1938, then later modified on July 26, 1955, required appellant to pay $150 a week for the support of appellee. Since October 28, 1971, appellant has failed to pay the weekly support sum called for in the agreement.

In December 1971 appellee filed suit in the Family Division of the Superior Court seeking specific performance of the support agreement and an award of counsel fees. In defense appellant argued all his assets are in receivership and his salary has been reduced from approximately $60,000 to $14,000 a year as a result of a stockholders' derivative suit brought by appellee in Virginia; thus performance of the agreement is temporarily impossible.* The trial court rejected this argument and ordered appellant to pay all past amounts due and make all future payments in accordance with the agreement. Further, the trial court ordered appellant to pay appellee's counsel fees.

On appeal appellant argues that because of the Virginia decision it was inequitable for the trial court to order specific performance. We disagree. The award of specific performance of a support agreement is within the discretion of the trial

---

* The Virginia suit was brought by appellee and two other minority stockholders against three interrelated family-owned corporations and the officers thereof. Appellant is founder and president of these corporations. The court found the corporate officers committed acts constituting fraud, misconduct, and mismanagement of corporate business. Additionally, the court ordered the corporations be put into receivership. Marlowe v. Marlowe, 332 F.Supp. 878 (E.D.Va.1971). Thereafter the decision was stayed by the United States Court of Appeals for the Fourth Circuit.

court and will be disturbed only upon a showing of abuse of discretion. Rosenbaum v. Rosenbaum, D.C.App., 210 A.2d 5, 8 (1965). In the instant case there was no evidence that the Virginia suit was brought in bad faith. In addition, appellant has failed to explain adequately why he cannot liquidate his personal assets worth more than $500,000, or use these assets as collateral for a loan. On this record we cannot say the trial court abused its discretion.

We also reject appellant's contention that the award of counsel fees was improper. It is fundamental that, in an equitable action, the court has the power to award counsel fees in its discretion. 20 C.J.S. Costs § 218 (1940). In the case here, appellee is 81 years of age; her income is $131 a month. Moreover, in order to meet her current living expenses, she had to borrow money from her son. Thus it is clear that if appellee is required to pay her counsel fees, her action to enforce the support agreement would hardly be worth the effort.

Affirmed.