**BACMO ASSOCIATES and Michael Baker, Appellants,**

v.

**Howard STRANGE, Appellee.**

**No. 12582.**

District of Columbia Court of Appeals.

Submitted April 5, 1978.

Decided June 28, 1978.

**488**

Charles R. Both, Washington, D. C., for appellants.

Before KELLY, KERN and NEBEKER, Associate Judges.

PER CURIAM:

Bacmo, a limited partnership in which Michael Baker was the general manager, sued Howard Strange, the owner of residential property located in northeast Washington for (1) specific performance of a contract of sale of that property into which they had entered in May 1975, and (2) recovery of damages incident to Strange's refusal to perform under the contract of sale.

The trial court, sitting without a jury, heard testimony and received documentary evidence and then ruled that Bacmo was entitled to specific performance of the contract of sale of the premises at 506 E Street, N.E., but was *not* "entitled to money damages for increased cost of renovation or for loss of rental profits between June 20, 1975 [the date of settlement under the contract] and date of judgment [April 29, 1977] . . . because a party seeking specific performance for breach of real estate contract may *not* recover damages for losses incident to delay in performance." (Emphasis added.)

Judge Holtzoff of the federal district court here addressed in *Cohen v. Lovitz*, 255 F.Supp. 302 (D.C.1966), *aff'd sub nom. Wolf v. Cohen*, 126 U.S.App.D.C. 423, 379 F.2d 477 (1967), the precise issue posed in the instant case as follows:

> The problem is whether a vendee may recover damages for delay in addition to being awarded specific performance, if the vendor declines to convey the property; and, if so, what is the measure of damages for the delay. This subject is of novel impression in this jurisdiction.

\* \* \* \* \* \*

The first question to be determined is whether the vendee is entitled both to specific performance and damages for delay, if the vendor refuses to convey the property in breach of the agreement, or whether the vendee in such an event is limited to receiving either specific performance or damages but may not have both. The overwhelming weight of authority is to the effect that the disappointed vendee under such circumstances may be awarded damages for delay in addition to being granted specific performance. . . .

In the United States most of the jurisdictions that have passed on this point hold that if the vendor refuses to convey the property, the vendee is entitled to recover damages for delay in addition to receiving specific performance. [*Id.* at 303–04.]

Former Chief Judge Hood of this court in *Murphy v. O'Donnell,* D.C.Mun.App., 63 A.2d 340 (1948), also dealt with an issue analogous to the one presented in this case as follows:

The present case is one of a seller who, complying with all other provisions of the contract of sale, fails to give possession within the agreed time. We think the rule applicable was stated in the recent case of *Thompson v. Rector,* [83 U.S.App. D.C. 371,] 170 F.2d 167, where it was said: "Under a breach of contract, whether of warranty or otherwise, a defendant is liable for such damages as are the natural consequence and proximate result of his conduct."

In the instant case the seller knew the purchaser was buying the property as living quarters for himself and his family, and delay in delivering possession naturally and proximately required the purchaser to secure other accommodations for himself and family and to provide storage for his furniture during the period of delay. No question is raised as to the reasonableness of the amount paid for such accommodations and storage and we think they were proper items of damages. [*Id.* at 342.]

■ We are persuaded by this that Bacmo was entitled *not only* to specific performance of the contract of the sale of the residence *but also* to recover damages incident to the delay by Strange in performing the contract. However, the trial court also concluded that "[e]ven if [Bacmo and Baker] were theoretically entitled to damages for delay, the damage which plaintiffs [Bacmo and Baker] claims is speculative . . [since their] claim for lost profit on rents and increased costs of renovation is based on plaintiffs' expression of intention to renovate and rent. It is *not* based in any part on contracts for renovation or on actual rental agreements." (Emphasis added.)

■ We are not persuaded by the trial court's conclusion that Bacmo's claim for damages incident to delay in performance of the sales contract by Strange is "speculative" since (1) it would have been incongruous for Bacmo to have contracted to renovate and rent the residential property when Strange announced prior to the settlement date that he would *not* convey such property, and (2) the trial court itself made findings of fact that between June 1975 (the date of settlement) and April 1977 (the date of trial) the cost of renovating the premises increased by $7,000 and the profits realized from the rental of the renovated premises during the delay would have been $2,200.

We are unwilling, however, simply to reverse the trial court's judgment and remand the case solely for entry of judgment in favor of Bacmo in the amount of the increased cost of renovation of the house and the lost rental profits during the period of delay for this reason: there is a dispute in the testimony between Baker and Strange as to whether it was contemplated by *both* parties at the time they entered into the contract of sale of the premises that the property thus conveyed was to be renovated and rented.[1] Moreover, the trial

---

1. Strange denied being aware of Baker's intention to renovate and rent the property; the trial court found only that "it has been the intention of *plaintiffs* to renovate the two units in 506 E Street, Northeast, and operate them as rental properties." (Emphasis added.)

court, understandably, in view of its conclusion that Bacmo was not entitled to damages incident to delay, did *not* consider any factors that might mitigate Bacmo's damages such as Strange's payment during the two-year delay of taxes, repairs, insurance and other costs, or Bacmo's use of the purchase money during the period of the breach.

In sum, we conclude the trial court erred in refusing to consider the claim by Bacmo for damages incident to the delay caused by Strange's refusal to convey the realty he had contracted to sell. The judgment as to its refusal to entertain plaintiffs' claim for damages must be reversed and the case must be remanded for the trial court to determine (1) whether renovation and rental of the premises was within the contemplation of *both* parties at the time they entered into the contract and, if so, (2) the extent to which damages suffered by Bacmo were offset during the period of delayed performance of the contract of sale of the premises.

*So ordered.*