**Wilhelmina Y. BELL, et al., Appellants,**

v.

**Richard E. JONES, et al., Appellees.**

**No. 88–623.**

District of Columbia Court of Appeals.

Argued June 15, 1989.
Decided Nov. 21, 1989.

Howard B. Silberberg, McLean, for appellant.

Claude W. Roxborough, with whom George E. Tillerson, III, Washington, D.C., was on the brief, for appellee.

Before BELSON and STEADMAN, Associate Judges, and REILLY, Senior Judge.

BELSON, Associate Judge:

This appeal arises out of an action by appellants, Wilhelmina Y. Bell and Joseph T. Gatling (buyers), to enforce their contractual right to purchase certain real property located in the District of Columbia. Appellees, Richard E. and Joanne B. Jones (sellers), filed a "Motion to Dismiss and for Declaratory Relief," asserting that both parties were now in agreement that the January 19, 1987, contract for sale of the property was valid and binding. The trial court granted the motion to dismiss, but at the same time ordered the parties to settle within thirty days according to the terms of their contract. Further, the trial court declared that if settlement did not occur within the prescribed time, the contract would become null and void. The buyers request relief from the trial court's mandate and the opportunity to pursue damages for delay and attorney's fees. Because the relief granted by the trial court was, in effect, summary judgment, and there remain genuine issues as to material facts, we reverse the order of the trial court and remand the case.

On January 19, 1987, the parties entered into a contract for the sale of a parcel of improved residential real estate. Paragraph sixteen of the contract requires the sellers to convey the property "free and clear of trash and debris and ... leave the electrical, plumbing, heating, air-conditioning and any other mechanical systems and equipment included in this contract in operating condition" and free of "all notices of violations of municipal orders or requirements noted or issued by any department or agency of the District of Columbia ... against or affecting the property...." In addition, the contract grants the buyers the right to conduct a pre-settlement inspection of the premises.

Around January 28 the sellers notified the buyers that they were no longer willing to sell the property to the buyers pursuant to the January 19 contract. The buyers filed suit in Superior Court for breach of contract and requested an order of specific performance. Initially the sellers contested the case by filing a motion for summary judgment and, after that was denied, an answer that alleged, *inter alia*, that the contract "had been terminated."

Subsequently, however, the sellers decided to agree to sell the property to appellants according to the terms of the January 19 contract. At this juncture, the procedural lines in the case became somewhat blurred. The sellers, whose pleadings had sought no affirmative relief, filed a motion with the self-contradictory caption "Motion to Dismiss and for Declaratory Relief" requesting the trial court (1) to dismiss the case, and (2) to order the parties to settle according to the terms of the January 19 contract. The buyers opposed the motion, pointing out that the sellers were actually seeking summary judgment without complying with the applicable rules, and that there were material facts in issue. The trial court granted the sellers' motion, ordering that the case be dismissed and that the buyers go to settlement within 30 days. The buyers appealed.

Although the sellers' motion did not expressly seek summary judgment, it appears that the trial court, in substance, granted the sellers summary judgment, including therein both mandatory and declaratory relief. We note specifically that Super.Ct. Civ.R. 12(c) regarding motions for judgment on the pleadings requires that such a motion be treated as one for summary judgment under Super.Ct.Civ.R. 56 when it relies on matters outside the pleadings. The sellers, in their motion, posited as a fact that both parties were in agreement that the January 19 contract was valid. This was not a matter within the pleadings as the sellers had consistently contested the validity of that contract up until the time they filed the motion in question, and did so specifically in their answer to the buyers' complaint. Moreover, as the concurring opinion emphasizes, the sellers in moving to dismiss asserted that all housing code violations had been remedied, and that all repairs requested by buyers had been made. Thus, regardless of the language the trial court used in its dispositive order, we treat the trial court's disposition as one of summary judgment that granted manda-

tory and declaratory relief.[1]

It is axiomatic that summary judgment is appropriate only where there is no genuine issue of material fact. *Cassidy v. Owen,* 533 A.2d 253, 255 (D.C.1987). We review to determine whether any of the pleadings, depositions, and admissions in the record created a genuine dispute as to a material fact, and whether the sellers were entitled to judgment as a matter of law. *Holland v. Hannan,* 456 A.2d 807, 814–15 (D.C. 1983). The facts must be viewed in the light most favorable to the non-movant with all inferences drawn against the movant. "Any doubt as to whether or not an issue of fact has been raised is sufficient to preclude a grant of summary judgment." *McCoy v. Quadrangle Development Corp.,* 470 A.2d 1256, 1259 (D.C.1983).

The opposing motions filed in the Superior Court in this case created just such a factual dispute. In their memorandum in support of their motion to dismiss, appellees asserted that all housing code violations had been eliminated, that repairs requested by appellants had been made, and that they are ready, willing, and able to settle on the January 19 contract. On the other hand, appellants, in their opposition to appellees' motion to dismiss, contended that reinspection of the premises, to which the contract entitles them, revealed that the premises were not in the condition provided for by the January 19 contract, and that certain housing code violations existed. In addition, appellants' specifically denied other material factual allegations contained in appellees' motion.

This court cannot determine which party's factual assertions are correct. *See Dodek v. CF 16 Corp.,* 537 A.2d 1086, 1092 (D.C.1988). We can determine from the record, however, that there are disputes between the parties as to material facts. Summary judgment is inappropriate in such circumstances. *See Cassidy, supra,* 533 A.2d at 255. Moreover, in response to the sellers' revised position that the January 19 contract is valid and binding, the buyers contend that the sellers are liable for attorney's fees as well as damages resulting from the sellers' wrongful delay in performing their part of the contract. *See Bacmo Associates v. Strange,* 388 A.2d 487, 490 (D.C.1978) (purchaser of residential real estate may recover damages incident to wrongful delay by the seller in performing under the contract);[2] *see also Synanon Foundation, Inc. v. Bernstein,* 517 A.2d 28, 37–38 (D.C.1986) (bad faith warranted award of attorney's fees); *1901 Wyoming Ave. Cooperative Assoc. v. Lee,* 345 A.2d 456, 464–65 (D.C.1975) (regarding attorney's fees). These issues too encompass factual issues that must be resolved. *See Cassidy, supra,* 533 A.2d at 255. Because there remain genuine disputes regarding material facts, the grant of summary judgment must be reversed, and the case remanded for further proceedings.

*Reversed and Remanded.*

REILLY, Senior Judge concurring specially:

Were it not for the inclusion by the sellers in the memorandum supporting their motion to dismiss of an assertion that housing code violations had been remedied by repairs, which in turn opened the way for the buyers to put this factual allegation into issue, I would affirm the judgment of the trial court. It seems to me that the motion itself did not rely on matters outside the pleadings.

The buyers' complaint, upon which their prayer for specific performance was based,

---

**1.** The order stated in pertinent part:

Hereby ORDERED, that the defendants Motion be and is hereby granted and that the matter be and hereby is dismissed. And be it further ORDERED, that the plaintiffs shall settle on this contract within thirty (30) days from the date of this Order, and if they fail to do so, the contract of January 19, 1987, will be null and void and all other contracts for the purchase of this property between plaintiffs and defendants herein would be null and void, and further the defendants/sellers after

30 days from the date of this Order are entitled to entertain new offers on the property ... without interference from the plaintiffs.

**2.** In addition, the contract specifically provides in paragraph 3(f) *inter alia:* "Seller agrees to give possession of the property at the time of settlement, and if Seller fails to do so and occupies the property, Seller shall become and be thereafter a tenant at sufferance of Purchaser...."

alleged only one breach of contract, *viz.,* the refusal of the sellers to deem the contract valid and accordingly failing to proceed to settlement. The relief requested was an order directing the conveyance of title and legal fees. Any allegation that sellers had also breached the contract by not restoring the house to a state of good repair was conspicuously absent. As the majority opinion correctly points out, the sellers' answer to the original complaint was that the contract of sale was invalid.

As that answer had been withdrawn by the sellers in their subsequent motion to dismiss, which conceded the validity of the contract, the state of the pleadings when the court below considered such motion disclosed that the issue of validity no longer existed. Thus, the court did not have to go outside the pleadings to arrive at its finding that "defendants have consented to the requested relief in the complaint." Such finding was plainly correct, for what plaintiffs had originally sought was an order requiring sellers to go to settlement.