Robert CLAY, Appellant,

v.

Renee FAISON, Appellee.

No. 88–744.

District of Columbia Court of Appeals.

Argued Oct. 17, 1990.

Decided Dec. 21, 1990.

Clement Theodore Cooper, Washington, D.C., for appellant.

Margie A. Utley, Washington, D.C., for appellee.

Before ROGERS, Chief Judge, and STEADMAN and FARRELL, Associate Judges.

ROGERS, Chief Judge:

Appellant Robert Clay appeals from a judgment granting appellee Renee Faison, his former wife, specific performance of a marital property agreement and ordering Clay to cooperate in the sale of the marital home. He contends that the Family Division of the Superior Court did not have jurisdiction to enforce the property agree-

ment because the trial judge was barred by res judicata from entertaining appellee's action and granting specific performance to appellee, and that since she sought damages in her complaint she had an adequate remedy at law. We hold that the Family Division had jurisdiction under its general equity powers to enforce the separation agreement, and that the action was not barred by res judicata since there was no prior adjudication on the merits. We further hold that where the subject matter of the agreement involves land, damages due to delay in performance may be sought in addition to specific performance of a marital property separation agreement. Accordingly, we affirm.

## I.

In August 1979, the parties, who were married in the District of Columbia in 1969, executed a separation and property settlement agreement which provided that they would live separately and cooperate in the sale of the marital home, splitting the proceeds. On February 4, 1980, appellant was granted an absolute divorce by the Family Division of the Superior Court; the property agreement was not merged with the divorce decree.

The agreement provided that both parties would enter into exclusive listing agreements with realtors to sell the property at a price not more than five thousand dollars above or below $85,000. However, appellee's efforts to sell the house proved unsuccessful because appellant refused to sign listing agreements presented to him by the appellee, and did not cooperate in the sale of the house. Appellee thereafter filed a complaint in the Civil Division of the Superior Court for specific performance to compel appellant to sign a listing agreement and cooperate in the sale of the home. In addition, appellee sought $25,000 in special damages for expenses incurred and potential profits lost due to appellant's refusal to sign the listing agreements obtained by appellee.

Appellant filed a motion to dismiss the complaint, or alternatively for summary judgment, on the grounds that (1) the com-

plaint failed to state a claim upon which relief can be granted, since the home was held by appellee and appellant as joint tenants and, therefore, partition, not specific performance, was the appropriate remedy, and (2) the Civil Division did not have jurisdiction, since the Family Division has jurisdiction to adjudicate all property claims between former spouses. On June 28, 1983, Judge Bacon granted appellant's motion to dismiss.

In June 1984, appellee moved to vacate the order of dismissal and reinstate the complaint. While awaiting a ruling on the motion, appellee filed a complaint in the Family Division in August 1984 seeking specific performance of the separation agreement, and $25,000 in special damages. In July 1986 Judge Bacon denied appellee's motion to vacate under Super.Ct.Civ.R. 60(b), but noted that appellee could file a motion to compel compliance with the separation agreement in the Family Division or seek damages for breach of contract in the Civil Division. In the meantime, appellant filed a motion to dismiss the Family Division complaint on the grounds that the Family Division had no jurisdiction and the complaint was barred by res judicata and collateral estoppel. The motion was denied, and following a trial before Judge King, appellant was ordered to specifically perform, to work with appellee to retain a realtor, and to cooperate in the sale of the home.

## II.

Jurisdiction. Under D.C.Code § 11–1101 (1989 Repl.), the Family Division of the Superior Court has exclusive jurisdiction over enumerated actions involving domestic relations, and under the equitable powers of the Superior Court, also has jurisdiction over other matters. D.C.Code § 11–921(a) (1989 Repl.) provides that the Superior Court has "jurisdiction of any civil action or other matter at law or in equity brought in the District of Columbia." While the Superior Court is separated into a number of divisions, "these functional divisions do not delimit their power as tribunals of the Superior Court with general jurisdiction to

adjudicate civil claims and disputes." *Andrade v. Jackson*, 401 A.2d 990, 993 (D.C. 1979). This court has long held that there is no jurisdictional bar to one division of the Superior Court entertaining an action more appropriately considered in another division, so long as doing so does not violate the statute or rules of the court and the claim has a rational nexus to a subject matter within the responsibility of that division.[1]

 Accordingly, appellant's contention that the Family Division did not have jurisdiction to order specific performance of the settlement agreement because the agreement was not merged with the divorce decree is meritless.[2] *See Farmer, supra* note 1, 526 A.2d at 1365; *Spencer v. Spencer*, 494 A.2d 1279, 1286 (D.C.1985) (voluntary separation agreements are enforceable as contracts (citing *Doerfler v. Doerfler*, 196 A.2d 90, 91 (D.C.1963)); *Flack v. Laster*, 417 A.2d 393, 400 (D.C. 1980) (trial court exercising its general equity jurisdiction, *see* D.C.Code § 11–921 (1989 Repl.), has discretion to grant specific

performance of a valid contract); *Willcher v. Willcher*, 294 A.2d 486, 489 (D.C.1972). It was clearly appropriate for the Family Division to consider appellee's complaint in view of the nexus between her claims and the responsibilities of the Family Division. Appellee sought enforcement of a marital property settlement. That the agreement was not merged into the divorce decree has no bearing on the Family Division's jurisdiction to hear this claim since the Family Division is generally entrusted with resolving property disputes between spouses. *See Farmer, supra*, 526 A.2d at 1369; D.C. Code § 16–910 (1989 Repl.).[3]

### III.

 Res Judicata.[4] Super.Ct.Civ.R. 41(b) provides that "[u]nless the Court in its order for dismissal otherwise specifies, . . . [an involuntary dismissal] other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."[5] What constitutes dismissal for lack of jurisdiction has been interpreted broadly.[6]

---

**1.** *See In re D.M.*, 562 A.2d 618, 620 (D.C.1989) (appropriate for the Family Division to determine paternity independent of a request for child support); *Farmer v. Farmer*, 526 A.2d 1365, 1369 (D.C.1987) (Family Division could entertain a request for partition between two spouses although the Division's jurisdiction over the divorce had terminated since the dispute involved a property dispute between two former spouses). *See also Poe v. Noble*, 525 A.2d 190, 195 (D.C.1987); *Ali Baba Co. v. WILCO, Inc.*, 482 A.2d 418, 426 (D.C.1984); *Andrade, supra*, 401 A.2d at 993.

**2.** This is the reverse of his position in the trial court, in which he moved to dismiss appellee's complaint on the ground that the Civil Division lacked jurisdiction. Although a party may not normally shift position on appeal, jurisdictional issues may always be raised. *See Customers Parking, Inc. v. District of Columbia*, 562 A.2d 651, 654 (D.C.1989); *Mannan v. District of Columbia Bd. of Medicine*, 558 A.2d 329, 333 n. 11 (D.C.1989).

**3.** Even had the Family Division lacked jurisdiction, it would have been improper to dismiss the complaint. Rather, the case should have been transferred to the Civil Division. *See Noble, supra*, 525 A.2d at 195; *In re Tyree*, 493 A.2d 314, 318 n. 8 (D.C.1985). Appellant does not contend that the Superior Court lacked jurisdiction over appellee's complaint.

**4.** *See Ali Baba Co. v. WILCO, Inc., supra*, 482 A.2d at 422 (prior judgment on the merits raises an absolute bar to the re-litigation of the same cause of action between the original parties or those in privy with them, and is conclusive not only as to issues actually decided, but issues that could have been raised); *Interdonato v. Interdonato*, 521 A.2d 1124, 1133 (D.C.1987); *Adams v. Jonathan Woodner Co.*, 475 A.2d 393, 396 (D.C. 1984); *Goldkind v. Snider Bros., Inc.*, 467 A.2d 468, 473 (D.C.1983); *Henderson v. Snider Bros., Inc.*, 439 A.2d 481, 485 (D.C.1981) (en banc).

**5.** *Bazata v. National Ins. Co.*, 400 A.2d 313–15 (D.C.1979). *See Costello v. United States*, 365 U.S. 265, 284–88, 81 S.Ct. 534, 544–46, 5 L.Ed.2d 551 (1961); RESTATEMENT (SECOND) OF JUDGMENTS § 20(1)(a) (1980); *see also Mitchell v. David*, 52 A.2d 125, 127 (D.C.Mun.App.1947); RESTATEMENT (SECOND) OF JUDGMENTS § 19 comment d (1980); 1B J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 0.409[1] (2d ed. 1988). Super.Ct.Civ.R. 41 is essentially identical to FED.R.CIV.P. 41, and this court has construed the local rule in light of federal cases interpreting the federal rule. *See Goldkind v. Snider, supra*, 467 A.2d at 472.

**6.** *See Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961); *Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590 (9th Cir. 1985), *cert. denied*, 474 U.S. 1061, 106 S.Ct. 808, 88 L.Ed.2d 783 (1986); 1B J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 0.409[1.–2] (2d ed. 1988).

Thus, where the basis for the dismissal is unclear, or the judge does not specifically state the grounds for dismissal, any finding by the judge which suggests that the decision was based upon jurisdictional grounds controls.[7] *See Bunker Ramo Co. v. United Business Forms, Inc.,* 713 F.2d 1272, 1279 (7th Cir.1983) ("[a]ny finding made by a court when the court has determined that it does not have subject matter jurisdiction carries no res judicata consequences"); *Stebbins v. Keystone Ins. Co.,* 156 U.S. App.D.C. 326, 333, 481 F.2d 501, 508 (1973) (no adjudication on the merits where judgment is partly based upon jurisdictional grounds). Furthermore, any statement in the order of dismissal or in a subsequent motion indicating a reason that does not go to the merits indicates that the judgment is not an adjudication on the merits.[8]

Appellant's motion to dismiss appellee's complaint filed in the Civil Division was based on two grounds: (1) the complaint failed to state a claim upon which relief can be granted, and (2) the Civil Division did not have jurisdiction since the action should have been brought in the Family Division. Thus, there are two possible grounds for the dismissal. Since Judge Bacon's order did not specify the ground on which the dismissal was based, the jurisdictional ground controls and the dismissal does not preclude a second action.[9] In addition, in denying appellee's motion to vacate the dismissal, Judge Bacon's statement that "[a] motion to compel compliance with the terms of the 1979 property agreement can be filed in the Family Division," [10] indicates that the judgment was not an adjudication on the merits.[11]

## IV.

Specific performance. Specific performance of a contract is generally ordered when the legal remedy, usually damages, is deemed either to be inadequate or impracticable.[12] Where land is the subject matter of the agreement, however, the legal remedy is deemed inadequate, since each parcel of land is unique and damages would not adequately compensate for a breach of the agreement.[13] Marital property agreements, moreover, are generally enforceable in equity on the grounds of lack of adequate remedy at law.[14] Further, specific performance may only be granted where the remedy at law is inadequate, and a prayer for damages as an additional rem-

7. As set forth in RESTATEMENT (SECOND) OF JUDGMENTS § 20(1)(a), comment a (1980), "A dismissal may be based on two or more determinations, at least one of which, standing alone, would not render the judgment a bar to another action on the same claim. In such a case, if the judgment is one rendered by a court of first instance, it should not operate as a bar."

8. *See Lohman v. General Am. Life Ins. Co.,* 478 F.2d 719, 722 (8th Cir.), *cert. denied,* 414 U.S. 857, 94 S.Ct. 162, 38 L.Ed.2d 107 (1973); *Pearlstein v. Scudder & German,* 429 F.2d 1136, 1144 (2d Cir.1970), *cert. denied,* 401 U.S. 1013, 91 S.Ct. 1250, 28 L.Ed.2d 550 (1971); *Spatt v. State of New York,* 361 F.Supp. 1048 (E.D.N.Y.), *aff'd,* 414 U.S. 1058, 94 S.Ct. 563, 38 L.Ed.2d 465 (1973); 1B J. MOORE, MOORE'S FEDERAL PRACTICE ¶ .409[1.–2] (2d ed. 1988).

9. *See Bunker Ramo, supra,* 713 F.2d at 1279.

10. *See Pearlstein v. Scudder, supra,* 429 F.2d at 1142.

11. Appellant also refers in his brief to collateral estoppel and the law of the case doctrine, but offers no supporting arguments. Even if appellant has not abandoned these claims, these doctrines would not bar appellee's complaint since Judge Bacon's order of dismissal was not an adjudication on the merits. *Ehrenhaft v. Malcolm Price, Inc.,* 483 A.2d 1192, 1196 (D.C.1984) (law of case); *Henderson, supra,* 439 A.2d at 485 (collateral estoppel); *Stebbins v. Keystone Ins. Co., supra,* 156 U.S.App.D.C. at 333, 481 F.2d at 509.

12. *See 1010 Potomac Assocs. v. Grocery Mfrs. of Am., Inc.,* 485 A.2d 199, 212 (D.C.1984); *Flack v. Laster, supra,* 417 A.2d at 400; *Melaro v. Mezzanotte,* 122 U.S.App.D.C. 244, 245, 352 F.2d 720, 721 (1965); *Crowell v. Gould,* 68 U.S.App.D.C. 297, 300, 96 F.2d 569, 572 (1938).

13. *See Potomac Assocs., supra,* 485 A.2d at 212; *Flack v. Laster, supra,* 417 A.2d at 400; *City Stores Co. v. Ammerman,* 266 F.Supp. 766, 776 (D.D.C.1967), *aff'd,* 129 U.S.App.D.C. 325, 394 F.2d 950 (1968).

14. *See Spencer v. Spencer, supra,* 494 A.2d at 1286; *Marlowe v. Marlowe,* 310 A.2d 59, 60 (D.C.1973); *O'Mara v. O'Mara,* 238 A.2d 586, 587 (D.C.1968); *Doerfler v. Doerfler, supra,* 196 A.2d at 91.

edy due to delay in performance is not a contradiction of a prayer for specific performance.[15]

█ Since appellee cannot be deemed to have conceded that her remedy at law was adequate by seeking $25,000 in special damages due to appellant's delay in signing listing agreements obtained by appellee,[16]

we find no error by the trial judge in granting specific performance.[17]

Accordingly, the judgment is affirmed.

15. *See Bacmo Assocs. v. Strange*, 388 A.2d 487, 489 (D.C.1978); *Cohen v. Lovitz*, 255 F.Supp. 302 (D.C.1966), *aff'd sub nom. Wolf v. Cohen*, 126 U.S.App.D.C. 423, 379 F.2d 477 (1967).

16. *See Bacmo Assocs., supra*, 388 A.2d at 489.

17. Appellant also mentions the doctrines of laches and unclean hands in contending that the trial judge erred in granting specific performance. Neither of these two doctrines is applicable. *See Interdonato, supra*, 521 A.2d at 1124. Appellee did not "sleep on her rights," but insti-

tuted proceedings two years after the agreement had been signed, and after her attempts to get appellant to comply were unsuccessful. *See International Tours & Travel, Inc. v. Khalil*, 491 A.2d 1149, 1155 (D.C.1985). Appellee attempted to list the agreement with a realtor and procure the sale of the house, and the record reflects no misconduct on the part of appellee; the trial judge, who heard testimony of both witnesses, found no merit to appellant's contention that appellee was at fault and should be required to abide by the terms of the separation agreement.