**Mabel D. HADEN, Appellant,**

v.

**Sarah E. FRAZIER, Appellee.**

No. 91–CV–525.

District of Columbia Court of Appeals.

Submitted June 9, 1992.

Decided Aug. 4, 1992.

Mabel D. Haden, pro se.

* Associate Judge King concurs in the result.

1. In her brief, appellant maintains that she was fired because she wanted her client, Mr. Johnson, to give appellees further time to do what was necessary to purchase the property and because Mr. Johnson wanted to proceed with a sale to another party due to the mounting carrying costs on the property.

Jeffrey W. Harab, Washington, D.C., was on the brief, for appellee.

Before ROGERS, Chief Judge, and STEADMAN and KING, Associate Judges.*

ROGERS, Chief Judge:

Appellant Mabel D. Haden, Esquire, appeals the order denying her motion to impose sanctions on appellee and appellee's counsel pursuant to Super.Ct.Civ.R. 11 (1991). She contends that the trial judge erred in ruling that the case was settled by the parties when appellant was not a party to the settlement and abused his discretion by not considering the appropriate factors in light of the record, which, she contends, indicates that appellee and her attorney had no grounds for making allegations against appellant. Concluding that a further statement of reasons for the denial is required, we remand.

I

On November 18, 1988, appellee entered into a contract with Robert Johnson for the purchase of a parcel of real property. On March 17, 1989, Mr. Johnson canceled the contract and discharged appellant as his attorney.[1] Appellee, on April 12, 1989, filed a complaint against Mr. Johnson for specific performance and damages.

Appellee also filed, on May 18, 1989, a motion for a preliminary injunction to prevent Mr. Johnson from selling the property to another person. After a hearing, by order of June 5, 1989, the motions judge (Webber, J.) denied the motion, finding that at the time of closing, appellee was not ready, willing and able to purchase the property and, thus, she had not demonstrated a likelihood of prevailing on the merits of her case at trial.[2]

2. The motions judge found that there was no "evidence presented, that plaintiff ever tendered the full purchase price to any of these defendants." He further found that there was evidence, from the office administering the Home Purchase Assistance Program (HPAP), that the only "'impediment to settlement' was [appellee's] failure to have the repairs made, as she had agreed, and that this condition must be satisfied before the HPAP funds would be re-

Thereafter, on June 15, 1990, appellee filed a second amended complaint alleging, in addition to the allegations made against Mr. Johnson, that appellant "intentionally induced Defendant Robert Johnson to breach the contract for the purchase of the Real Property." The other three defendants, but not appellant, had filed an answer on May 22, 1989.[3] On October 9, 1990, appellant filed a motion for Rule 11 sanctions. Then, on March 12, 1991, attorney Jeffrey Harab filed a notification of settlement of all claims,[4] and the judge dismissed the case on March 15, 1991. The trial judge thereafter denied appellant's motion for Rule 11 sanctions on April 25, 1991, "in light of the second amended complaint and the subsequent settlement."

## II

The decision whether to impose Rule 11 sanctions requires the trial court to determine whether there has been a violation of the rule and if there has, the court must impose a sanction. *Williams v. Board of Trustees of Mt. Jezreel Baptist Church*, 589 A.2d 901, 910 (D.C.), *cert. denied*, —— U.S. ——, 112 S.Ct. 190, 116 L.Ed.2d 151 (1991). "In deciding whether Rule 11 has been violated, the trial court focuses only on whether 'reasonable pre-filing inquiry would have disclosed that the pleading ... was not well grounded in fact, was not warranted by existing law, or was interposed for an improper purpose.'" *Id.* (citation omitted). Our review is for abuse of discretion. *Id.* Consistent with the principles on trial court discretion set forth in *Johnson v. United States*, 398 A.2d 354 (D.C.1979), the trial court abuses its discretion when it fails to apply the proper factors to the exercise of discretion. 398 A.2d at 365.

In the memorandum of points and authorities in support of the motion for Rule 11 sanctions, appellant referred to the preliminary injunction proceedings which were completed before appellee filed the second amended complaint. Appellant argued that before filing the second amended complaint, appellee's counsel should have interviewed the lending institutions, the title company, the seller's and seller's attorney as part of a proper factual inquiry. Appellant further argued that counsel had ignored the testimony that he had heard during the preliminary injunction hearing. Therefore, appellant argued that appellee and appellee's counsel were "attempting a farfetched complaint with no merit and [that was] absolutely groundless." In response, appellee and her attorney filed an opposition stating that the second amended complaint was based on diligent inquiry in that "the agent for the seller advised [appellee's] counsel that [appellant] had instructed the Defendant, Robert Johnson, not to settle upon the subject property in order to obtain a higher sales price," and that Mr. Johnson "admitted at the hearing for injunctive relief that [appellant] had instructed him not to settle with [appellee]." Appellant filed a reply in which she maintained there was no evidence to support the allegation against her, quoting from the transcript of the preliminary injunction proceedings where Mr. Johnson testified that appellant had told him that appellee did not have the money but proposed that appellee be credited $2,000 toward settlement and be given more time.

The trial judge's one sentence order of April 25, 1991, denying appellant's motion relies on the second amended complaint and the subsequent settlement. Neither appears to provide a basis for denial of the motion. The second amended complaint

leased and settlement could occur." The motions judge concluded that appellee "has not clearly demonstrated that there is a substantial likelihood she will prevail on the merits. She never satisfied a condition precedent to settlement, the making of the repairs required by HPAP [before it would make the loan]. Consequently, [appellee] has failed 'to make full settlement' as required by Paragraph 13 of her contract with defendant Robert Johnson."

3. On May 22, 1989, appellee filed an amended complaint, naming as defendants, Mr. and Mrs. Johnson and the estate of Beatrice B. West. The complaint alleged that Ms. West had bequeathed the property at issue to the Johnsons.

4. The complaint was filed for appellee by Jeffrey W. Harab, Esquire.

**548**

contains the allegation against appellant. The notice of settlement was filed by plaintiff's counsel.[5] As appellant points out in her brief, the dismissal was not in itself dispositive of her motion for Rule 11 sanctions. *See Kurkowski v. Volcker,* 819 F.2d 201, 203 (8th Cir.1987) (trial court has authority to order Rule 11 sanctions after voluntary dismissal); *see also Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 2455–56, 110 L.Ed.2d 359 (1990) (Rule 11 sanctions imposed after lawsuit was no longer pending); *Office & Prof. Employees Int'l Union v. International Bhd. of Painters,* 580 A.2d 630 (D.C.1990) (motion for Rule 11 sanctions after plaintiffs/appellees sought to dismiss under R. 41(a)(2)).[6]

In the motion to file a second amended complaint, appellee's counsel stated only that upon investigation it was learned that appellant knew of the contract between appellee and Mr. Johnson, an undisputed point. Thereafter, in opposition to the Rule 11 motion, appellee and her attorney referred to information from an unnamed seller's agent that is not stated under oath, by affidavit or otherwise. The representation in the opposition about Mr. Johnson's testimony is unsupported by the transcript of the injunction proceedings, and is, at least facially, contradicted by the motions judge's findings about why settlement did not occur.[7]

Under these circumstances, the basis for the denial of appellant's motion is unclear. We are unable to determine from the judge's order or the record, including the transcript of the proceedings before the motions judge, the basis, either procedural or substantive, upon which the trial judge denied the Rule 11 motion. Accordingly, we remand the motion to the trial court for further proceedings. *See Williams v. Board of Trustees of Mt. Jezreel Baptist Church, supra,* 589 A.2d at 911; *Johnson, supra,* 398 A.2d at 366 (trial court "should take pains to ensure that the record does reflect both the foundations and the reasoning behind the discretionary decision").

Associate Judge KING concurs in the result.

---

5. Appellee could properly dismiss the second amended complaint against appellant without an order of the trial court since appellant never filed an answer or a motion for summary judgment. *See* Super.Ct.Civ.R. 41(a)(1) (1991); *Clay v. Faison,* 583 A.2d 1388, 1390 n. 5 (D.C.1990); *Plain Growers, Inc. v. Ickes–Braun Glasshouses, Inc.,* 474 F.2d 250 (5th Cir.1973). Indeed, it has been appellant's consistent position that she has never been validly served in the action. She made her Rule 11 motion on the basis of a "special appearance" for that purpose only. She had not participated in the litigation in any other respect, for example, by filing a motion to dismiss or for summary judgment.

6. *See also Synanon Found., Inc. v. Bernstein,* 503 A.2d 1254, 1264 (D.C.1986) (sanctions for false statements to trial court constituting fraud); *Westmoreland v. CBS, Inc.,* 248 U.S.App.D.C. 255, 265, 770 F.2d 1168, 1178 (1985) (sanctions awarded in favor of non-party witness); *Rhinehart v. Stauffer,* 638 F.2d 1169, 1171 (9th Cir. 1979) (sanctions for not making investigation).

7. Further, appellant contends that since appellee had not been ready and able to settle at the time of settlement, Mr. Johnson thereafter had disavowed an already non-existent contact, and hence by the time Mr. Johnson disavowed the contract, there was no contract with which appellant could interfere.