**George E. ARMENTA, et al., Appellants,**

v.

**Philip I. GOODRIDGE, Appellee.**

**No. 95–CV–1016.**

District of Columbia Court of Appeals.

Sept. 19, 1996.

Nicholas D. Dale, Bethesda, MD, was on appellee's motion for summary affirmance.

Joel S. Aronson, was on appellants' opposition to the motion for summary affirmance.

Before TERRY and FARRELL, Associate Judges, and MACK, Senior Judge, in chambers.

PER CURIAM:

This matter came before the court on appellee's motion for summary affirmance and appellants' opposition thereto. On consideration thereof, it is

ORDERED that appellee's motion for summary affirmance is granted, and the trial court's order of July 12, 1995, directing appellants to pay $325.00 to appellee, is hereby affirmed for the reasons stated in that order, which we adopt and incorporate herein by reference. The trial court's order is reproduced as an appendix to this opinion.

---

APPENDIX

SUPERIOR COURT OF THE DISTRICT
OF COLUMBIA

CIVIL DIVISION

PHILIP I. GOODRIDGE, PLAINTIFF

v.

GEORGE E. ARMENTA, *et al.*, DEFENDANTS

No. CA–12583–93

ORDER

This matter comes before the court pursuant to plaintiff's Motion for Contempt and Other Sanctions seeking to enforce a court-ordered sanction of $250.00 imposed on defendants. After considering plaintiff's motion, plaintiff's supplemental memorandum in support thereof, and defendants' opposition thereto, the court finds that plaintiff's motion should be granted.

The events leading up to this motion are as follows. Plaintiff sued defendants for personal injury and property damage. The issue of sanctions arose when lead defense counsel and defendants failed to attend the mediation conference, in violation of the General Mediation and Case Evaluation Order of the court. This violation led to an Order issued by the Honorable John H. Bayly, Jr., dated December 7, 1994, requiring that "defendants pay plaintiff the sum of $250.00 for their failure to have appeared at the mediation on September 22, 1994, and by way of compensation to plaintiff for his attorney's fees in respect of the mediation."

The parties subsequently settled Mr. Goodridge's claim of "personal injury and property damage" for $1700.00. Defendants tendered the settlement check on May 16, 1995. Two days after receiving this check, plaintiff's counsel called defendants' counsel to inquire about the $250.00 sanction and was told that this would not be paid. Thus, plaintiff filed this motion.

The issue presented here is whether the settlement and voluntary dismissal of the case released defendants from the duty to pay the attorney's fees imposed by the Order dated December 7, 1994.

Plaintiff argues that settlement of the case did not result in a dismissal of defendants' obligation to pay the attorney's fees levied by the court. In arguing that the issue of attorney's fees is independent of the underlying action, plaintiff relies primarily on *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). In *Cooter*, the Supreme Court held that a court has jurisdiction to consider a motion for sanctions under Fed.R.Civ.P. 11 even after voluntary dismissal of the case by plaintiff.

> Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of the action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.

*Id.* at 396, 110 S.Ct. at 2456. *See also Haden v. Frazier*, 611 A.2d 546 (D.C.1992) (dismissal of case is not dispositive of motion for Rule 11 sanctions).[1]

In opposition, defendants rely on *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911), to argue that the award of attorney's fees is an interlocutory order and therefore dismissed upon the voluntary dismissal of the case. However, *Gompers* is clearly distinguishable from the case at hand. In *Gompers*, defendants were found in contempt for violating an injunction that was the sole issue in the case. Thus, the contempt proceedings necessarily ended when the case was settled. However, in this case, the attorney's fees awarded by the court are unrelated to the underlying case, and for the same reason that "voluntary dismissal does not expunge [a] Rule 11 violation," *Cooter*, 496 U.S. at 395, 110 S.Ct. at 2455, voluntary dismissal of the case at hand does not nullify the court's order imposing attorney's fees.

Finally, defendants argue that the settlement agreement resolved all claims between

1. Fed.R.Civ.P. 11 and D.C.Super.Ct.Civ.R. 11 are virtually identical.

the parties. This argument is clearly contradicted by the express terms of the agreement, which states that the payment of $1700.00 is to "settle Mr. Goodridge's claim for personal injury and property damage." The fact that the agreement is silent as to the sanctions precludes any argument by defendants that this matter was resolved along with plaintiff's tort claim.

Accordingly, it is this 12th day of July, 1995, hereby

ORDERED that defendants shall pay the sum of $250.00 to plaintiff, as originally directed by the court on December 7, 1994, on or before ten (10) days after receipt of this Order, and in addition, $75.00 for the fees and expenses incurred by plaintiff in enforcing the December 7, 1994 Order.

/s/ Ellen S. Huvelle
Ellen Segal Huvelle
Judge
Signed in Chambers