James V. HACKNEY, Appellant,

v.

Daryl A. CHAMBLEE, Appellee.

No. 08–FM–1033.

District of Columbia Court of Appeals.

Submitted May 27, 2009.

Decided Aug. 27, 2009.

Vanessa Carpenter Lourie, Washington, DC, was on the brief, for appellant.

Sherry L. Leichman, Bethesda, MD, was on the brief, for appellee.

Before RUIZ, KRAMER and OBERLY, Associate Judges.

KRAMER, Associate Judge:

Appellant James Hackney appeals from a Family Division order granting a Complaint for Entry of Judgment by Confession on the grounds that the Family Division lacked jurisdiction to enter the judgment. He also challenges the award of legal fees and court costs to appellee, Daryl Chamblee. We affirm.

## I. Facts

In 1997, the Family Division of the District of Columbia Superior Court granted a divorce to Hackney and Chamblee. In 1998, Judge Alprin, who at that time was sitting in the Family Division, found that the parties' 1997 Separation Agreement had been breached and entered a money judgment against Hackney. In 2004, Chamblee filed a complaint for contempt in the divorce case based on Hackney's failure to make the payments as required by the 1998 judgment entered by Judge Alprin. In May 2005, in settlement of Chamblee's complaint for contempt, the parties entered into an agreement in which Hackney agreed to enter a confessed judgment promissory note on behalf of Chamblee. In November 2007, Chamblee filed a complaint for entry of judgment by confession based on Hackney's failure to make all payments listed in the 2005 Settlement Agreement. In June 2008, Family Division Judge McKenna entered an order granting Chamblee's complaint for entry of judgment by confession and entered a judgment of $219,692.64 against Hackney, which represented the outstanding balance owed on the promissory note ($175,000), as well as late charges and interest ($38,-451.46), and attorney's fees and court costs ($6,241.18).

## II. Jurisdiction of the Family Division

■ Hackney argues that the trial court improperly denied his motion to dismiss Chamblee's complaint for entry of judgment by confession or, in the alternative, to transfer the case to the Civil Division. "[O]ur standard of review is *de novo* because 'the issue of subject matter jurisdiction is a question of law.'" *Heard v. Johnson,* 810 A.2d 871, 877 (D.C.2002).

■ A division of the Superior Court may entertain an action more appropriate for another division so long as (1) doing so

will not violate the statute or rules of the court, and (2) the claim has a rational nexus to a subject matter within the responsibility of that division. *Clay v. Faison*, 583 A.2d 1388, 1390 (D.C.1990). Without challenging Judge McKenna's determination that Chamblee's claim had a rational nexus to the subject matter within the Family Division, Hackney contends that Judge McKenna erroneously failed to apply the first prong of the test and should have found that "the deletion of [Family Division] Rule 68–I precludes the Family Division of the Court from entertaining actions to enter confessed judgments." This argument is without merit.

First, although Hackney correctly notes that Family Division Rule 68–I, which was identical to Super. Ct. Civ. R. 68–I,[1] was "deleted as not appropriate to Family Division practice," D.C. Fam. Ct. R. 68–I cmt. (2009), we note that Hackney does not cite any authority to support his argument that the deletion of a court rule that permitted the clerk to take action without judicial approval in certain circumstances amounts to an affirmative prohibition against a judge taking an action that falls, as we now discuss, squarely within her jurisdiction in the Family Division.

Second, the D.C.Code's jurisdictional grants to the Family Division actually point *in favor* of allowing it to hear and adjudicate Chamblee's complaint for entry of judgment by confession. D.C.Code § 11–1101(a) (2001) assigns and grants original jurisdiction to the Family Division for, *inter alia*, "actions for divorce from the bond of marriage and legal separation from bed and board, including proceedings incidental thereto for alimony, *pendente lite* and permanent, and for support and custody of minor children," as well as for

"determinations and adjudications of property rights, both real and personal, in any action referred to in this section, irrespective of any jurisdictional limitation imposed on the Superior Court." D.C.Code § 11–1101(a)(1), (a)(8). The 2005 Settlement Agreement stems from the parties' original divorce, and there is no dispute that the Family Division had jurisdiction to grant that divorce. Moreover, D.C.Code § 11–1104 demonstrates a strong interest in keeping family-related cases not only in the Family Division, but also with the same judge. *See id.* § 11–1104 at (a), (b) ("In addition to the ['one family, one judge'] requirement of subsection (a), any action or proceeding assigned to the Family Court of the Superior Court shall remain under the jurisdiction of the Family Court until the action or proceeding is finally disposed, except [under circumstances not relevant in this case].").

In short, Hackney fails to point to an affirmative prohibition against a judge in the Family Division entertaining a complaint for entry of judgment by confession where the action stems from a suit that is indisputably within that court's jurisdiction, and the underlying jurisdictional grants to the Family Division point in favor of its retaining jurisdiction over the complaint for entry of judgment by confession in this case. Accordingly, Hackney has failed to show that doing so will "violate the statute or rules of the court," *Clay, supra*, 583 A.2d at 1390, and we affirm.

### III. Legal Fees

Apparently recognizing that the confessed judgment promissory note empowered the court to enter judgment against him for the amount of principal

---

**1.** Super. Ct. Civ. R. 68–I grants the clerk "authority to enter judgment by confession without judicial approval upon the filing of a praecipe or equivalent form signed by the defendant and the plaintiff's attorney." Super. Ct. Civ. R. 68–I(a).

due, "together with all costs and expenses of collection, including costs of suit and further including reasonable attorney's fees," Hackney argues that Judge McKenna denied him the opportunity to challenge the reasonableness of the legal fees assessed. But Hackney did not challenge Chamblee's request for attorney's fees that were in her prayer for relief below. Thus, we decline to consider that argument on appeal. *See, e.g., Wallace v. Skadden, Arps, Slate, Meagher & Flom LLP,* 799 A.2d 381, 388 (D.C.2002) ("[A]rguments not raised in the trial court are ordinarily waived on appeal.").

■ Moreover, it is within the trial court's sound discretion to determine the reasonableness of attorney's fees. *Stansel v. American Sec. Bank,* 547 A.2d 990, 994 (D.C.1988) ("Because the promissory note expressly provided for reasonable attorney's fees incurred as a cost of collection, a fee award to the Bank was entirely appropriate."); *F.W. Bolgiano & Co. v. Brown,* 333 A.2d 674, 675 (D.C.1975) ("The promise to pay a reasonable attorney's fee in addition to the face amount of the note plus interest means precisely that.... However, the determination of what is a reasonable fee is for the trial court in light of the amount involved, the complexity of the issues and the actual time reasonably required to obtain judgment").

Here, Judge McKenna awarded the full amount of attorney's fees requested, $6,241.18. That request was supported by an affidavit from Chamblee's attorney which reflected that she spent 17.8 hours between April 17, 2006 and September 8,

2007 "in regard to collecting the money owed to [Chamblee] from [Hackney]." This works out to an average of a little over an hour per month. Given "the amount involved, the complexity of the issues and the actual time reasonably required to obtain judgment," *F.W. Bolgiano & Co., supra,* 333 A.2d at 675, we conclude that the trial court did not abuse its discretion in awarding the $6,241.18 requested.

For the foregoing reasons, the decision of the trial court is

*Affirmed.*[2]

---

2. Chamblee also argues that Hackney is barred from challenging Judge McKenna's order on the grounds he advances here due to *res judicata.* As Judge McKenna noted in her decision, in April 1998, Judge Alprin rejected Hackney's argument that the 1997 Separation Agreement was enforceable only by a separate action in the Civil Division on the grounds that the agreement was neither incorporated nor merged into the Judgment of Absolute Divorce, holding that "if the agreement was breached, the Family Division may enforce the agreement under its general equity powers." In light of our holding above, we need not consider this argument.